## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| AMERICA'S RECOMMENDED MAILERS, INC., | § § § | |
| Plaintiff, | § § § | |
| | § | Case No. 4:07-CV-348 |
| MARYLAND CASUALTY COMPANY, | § § § | |
| Defendant. | § | |

### ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Pending before the court is the Plaintiff's motion to alter or amend judgment (docket entry #35). Having considered the Plaintiff's motion and the Defendant's response in opposition thereto (docket entry #36), the court finds that the motion should be denied.

On September 23, 2008, the court entered judgment in favor of the Defendant, finding that the Defendant did not have a duty to defend the Plaintiff in the lawsuit styled *AARP v. American Family Prepaid Legal Corporation, Inc., et al.*, cause number 06-CVS-10216. The Plaintiff subsequently filed its motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure on October 2, 2008.

"[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-864 (5th Cir. 2003), citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.

1986). "A Rule 59(e) motion may not be used to relitigate issues that were resolved to the movant's dissatisfaction." *Glass v. United States*, 2004 WL 2189634, *1 (N.D. Tex. 2004), citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). "District courts have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment.'" *Id.*, citing *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). "In exercising this discretion, a district court must 'strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts.'" *Id.*, citing *Hale*, 45 F.3d at 921.

The Plaintiff is primarily seeking a reconsideration of this court's prior order. In reviewing the arguments presented, the court notes that the Plaintiff failed to present newly discovered evidence as required by Rule 59(e). As such, the court is left with a motion to reconsider issues that have already been resolved. The court declines to do so since the Plaintiff did not establish that the court committed a manifest error of law or fact in its prior decision. It is, therefore,

**ORDERED** that the Plaintiff's motion to alter or amend judgment (docket entry #35) is hereby **DENIED**.

**SIGNED this the 17th day of October, 2008.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE